*82
 
 PeaRSON, C. J.
 

 We
 
 concur with his Honor. The slaves, which the testator had conveyed to his daughter, Mary Ann Millsaps, and her son, Neill Millsaps, did not constitute a part of his estate at the'time of his death, and do not come within the general description given in the will, and, of course, are not subject to partition among the legatees in remainder, after the death or marriage of the widow,
 

 As the slaves are,not embraced in the will, the rule relied on by.the defendants, “one cannot claim under and against a will,” has no application. If these slaves had been
 
 named
 
 in the will, the point would have been presented. But they are not named, and do not come under the general description : so, the defendants have nothing to" rest their claim on except what they silppose to be a hardship — that Mrs. Mill-saps shall hold two negroes, under the deed of gift, and come in for an equal share of the negroes belonging to the testator at the time of his death. It may bethat Mrs. Millsaps thinks it equally hard that the sons of the testator should take all of his land and come in for an equal part of the slaves. Considerations of this nature are not matter for the Court. Its province is to determine the rights of the parties according to the legal effect of the deed of gift and the will, and that question is almost too plain for discussion.
 

 The matter was presented in another point of view: i. e.s the gift to Mrs. Millsaps was an ademption of her legacy in-respect of the testator’s slaves.
 
 We
 
 can see no ground on-which'this suggestion can rest. The fact, that the testator does not name the slaves in his will, but gives, in general terms, “all'my negro slaves to my loving wife during her widowhood, then, after that to be equally divided between all my heirs,” is fatal to the suggestion of an ademption,; see the case of
 
 Gillis
 
 v. Harris, 6 Jones’ Eq. 267.
 

 Shafner v.
 
 Fogleman, Busbee 280;
 
 Harvey
 
 v.
 
 Smith, 1
 
 Dev. and Bat. 186;
 
 Morehead
 
 v.
 
 Atl.
 
 Railroad, 7 Jones, 500, which were cited and relied on to show errorin that part of the judgment directing
 
 & procedendo
 
 to the county court, do not sustain the position. The general rule is, “ when the
 
 *83
 
 judgment of the-county court >is final, so as to put an end to the case so far as that court is concerned, the superior court, ■having the case in its possession, will dispose ef-it finally, otherwise a
 
 jprocedendo
 
 will be ordered to the county court. There is this exception, i. e., the -Superior Court will
 
 always
 
 order a
 
 procedendo
 
 where the county co’urt has a peculiar jurisdiction — as in regard to the probate of wills and granting letters of administration ;
 
 Wallis
 
 v.
 
 Wallis,
 
 (ante 78).
 

 In this case, the judgment of the County Court is not final, •so -as to put an end to the case so far as that Court is concerned, but it is interlocutory; it decides the question of law raised by the petition and answer, against the petitioner and directs a partition in pursuance of that instruction, retaining the case for the coming in of the report of' the commissioners for the final action of the Court. So, according to the general rule, a procedendo ought to have been ordered.
 

 Pee CueiaM, There is no error.